**Washington Pereira SILVA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–70647.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 6, 2009.

Carol A. Dvorkin, Esquire, Law Office of Carol A. Dvorkin, Woodside, CA, for Petitioner.

Gregory Bryan Friel, Esquire, Special Counsel, Norah Ascoli Schwarz, Senior Litigation Counsel, Elizabeth J. Stevens, Assistant Director, Office of Immigration Litigation, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM[**]

Washington Pereira Silva, a native and citizen of Brazil, petitions for review of the Board of Immigrations Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Under this standard, we must uphold the BIA's decision unless the evidence *compels* a contrary result. *See id.* at 481 n. 1, 112 S.Ct. 812. We deny the petition for review.

Because the underlying facts are undisputed, we have jurisdiction to review the BIA's determination that Silva has not demonstrated changed circumstances to excuse the late filing of his application for asylum. *See Ramadan v. Gonzales,* 479 F.3d 646, 648 (9th Cir.2007). The record does not compel the conclusion that Silva demonstrated changed circumstances in Brazil that materially affect his eligibility for asylum. *See id.* at 657. We uphold the BIA's timeliness determination. *See id.*

The record does not compel the conclusion that the threats and other harm Silva experienced rise to the level of persecution. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1153–54 (9th Cir.2005) (conclud-

ing that anonymous and vague threats did not constitute persecution). Nor does the record compel the conclusion that Silva will more likely than not be persecuted if he returns to Brazil. *See Canales–Vargas v. Gonzales,* 441 F.3d 739, 743 (9th Cir. 2006) (concluding that non-confrontational threats received thirteen years prior do not establish clear probability of future persecution); *Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995) ("[A]ttacks on family members do not necessarily establish a well-founded fear of persecution absent a pattern of persecution tied to the petitioners."). We uphold the BIA's determination that Silva is not entitled to withholding of removal.

In his opening brief, Silva failed to include any argument challenging the BIA's denial of his CAT claim and therefore has waived the issue. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

